WILLIAMS, Judge.
On October 28, 1968 the Louisiana Department of Highways filed this expropriation suit to obtain title to a right of way across defendant’s lots in Rayville, Louisiana. The area sought was for the purpose of rerouting of a portion of State Route 137 in Richland Parish. The order of expropriation was signed on the date this suit was filed. In defendant’s answer additional compensation was claimed over the deposit made by the Department. The trial court rendered judgment awarding defendant substantially more than the amount which the Department had deposited in the registry of the court. From this judgment an appeal was taken by the Department.
The area expropriated by the Department consisted of portions of three lots in the town of Rayville. The portion acquired traversed the three lots at an angle and contained 12,615 square feel. Following the taking by the Department the defendant had portions of lots lying east and west thereof. There was a small triangular portion lying to the west consisting of 7558 square feet.
On the date of the filing of the original petition and the signing of the order of expropriation in this case the Department deposited the sum of $2,523 in the registry of the court as the value of the land taken. The defendant filed an answer claiming that the value of the land taken was $22,-100 plus severance damages to the remaining area of $6,400.
Following trial on the merits judgment was awarded in favor of defendant for $20,000 as the market value of the property *788 taken and $6,400 as severance damages to the remaining area.
The position of the Department on this appeal is that the area herein taken for the improvement of State Route 137 was included in the scope of the announced public project of Interstate Highway 20 (I-20) and that, under LSA-C.C. 2633 and LSA-R.S. 19:9, just compensation in this case would be the value the property possessed before the announcement of 1-20 without any increment deriving to the owner from the contemplated work or improvement.
In the case of State, Through Department of Highways v. Martin, 196 So.2d 63 (La.App.3d Cir. 1967) the court found applicable the rule applied in United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55 (1943). We deem it appropriate to quote from that case the following:
“If a distinct tract is condemned, in whole or in part, other lands in the neighborhood may increase in market value due to the proximity of the public improvement erected on the land taken. Should the Government, at a later date, determine to take these other lands, it must pay their market value as enhanced by this factor of proximity. If, however, the public project from the beginning included the taking of certain tracts but only one of them is taken in the first instance, the owner of the other tracts should not be allowed an increased value for his lands which are ultimately to be taken any more than the owner of the tract first condemned is entitled to be allowed an increased market value because adjacent lands not immediately taken increased in value due to the projected improvement.
“The question then is whether the respondents’ lands were probably within the scope of the project from the time the Government was committed to it. If they were not, but were merely adjacent lands, the subsequent enlargement of the project to include them ought not to deprive the respondents of the value added in the meantime by the proximity of the improvement. If, on the other hand, they were, the Government ought not to pay any increase in value arising from the known fact that the lands probably would be condemned. The owners ought not to gain by speculating on probable increase in value due to the Government’s activities.” [196 So.2d 63, 67]
To give force to the Department’s position here the right of way taken must be considered as either a part of the original undertaking of 1-20 or a later enlargement, extension or revision of it. If the inclusion of this area taken can with certainty or with reasonable foreseeability be included in the 1-20 project from the beginning or if the area taken was probably within the scope of the 1-20 project from the time the State and Federal Government were committed to it, then under the above rule the enhanced value of defendant’s property cannot be allowed. Contrariwise, if the construction of a rerouting of State Route 137 was not included in the 1-20 project but was simply a subsequent construction program conceived independently of the original project, then the defendant would be entitled to receive the enhancement in value resulting from the location of the I-20 project near his property.
The property involved herein is located in the northwest quadrant of the interchange of State Route 137 at Rayville. It fronts along the westerly side of State Route 137 and is approximately 500 feet north of the north right of way line of I-20. It is the second tract of land north of this interchange which has only two quadrants.
Defendant purchased four separate tracts after the contract for 1-20 was let which now comprise a large, irregularly shaped tract containing 37,567 square feet. The Highway Department plans entitled State Project No. 71-01-10, Federal Aid Project No. S~249(3) dated November 28, *789 1967 and subsequently revised, call for the construction of a two-lane, one way segment of highway bisecting defendant’s tract at an angle and the widening and improvement of the present State Route 137 which would become a one way artery. These segments would join just south of this tract to form a four lane highway separated by a median leading to 1-20. The strip taken from defendant’s property is approximately 85 feet wide.
Defendant testified that when he purchased the property he anticipated that State Route 137 would be improved but expected any such taking would be from a narrow strip across the front of the property rather than bisect it.
Plaintiffs offered testimony of William T. Taylor, Special Assistant to the Director of the Department of Highways. Mr. Taylor testified that the only reference to State Route 137 made at the public hearing held in connection with the construction of 1-20 was that an intersection of State Route 137 and 1-20 was planned.
Plaintiffs also offered the testimony of R. M. Gochenour, a real estate appraiser, who testified that he made an appraisal on April 12, 1968 taking into account the increment in value created by 1-20 and another appraisal on the same date but without benefit of such increment. He estimated the value of the part taken at 50 cents per square foot with the increment and 20 cents per square foot without such increment. He found no severance damages.
Plaintiff also offered the testimony of Mr. Ben Land, staff appraiser for the Louisiana Department of Highways. He estimated the value as of April 5, 1968 at 48 cents per square foot giving a total for the part taken of $6,028 which he rounded off to $6,030 and a salvage value of $350 for the improvements consisting of two old houses.
Mr. Aubrey Braddock, a witness for defendant and district engineer for the Highway Department, testified that at the time the contracts for the Rayville section of 1-20 were let and the work order issued, there were no firm plans for State Route 137. He also testified that in his opinion they were two separate projects and treated as such. He further testified that the original plan when formulated did not contemplate a four-lane highway, part of which would run through defendant’s property and that local opposition was encountered against one plan proposed by the Department. The town of Rayville approved the present plan on June 7, 1967 approximately a year after the contracts for 1-20 were let.
Defendant offered the testimony of J. Wayne Medley, a real estate appraiser from Monroe, Louisiana, who testified that his appraisals were dated October 28, 1968 and included the enhanced value due to I-20. His estimate of just compensation was $28,500 including $22,100 for the land taken and $6,400 for severance damages. He testified that the highest and best use of the subject property was as commercial property.
Our review of this record has convinced us that the construction of 1-20 and the proposed improvement of State Route 137 were in fact two separate endeavors.
The Department of Highways has failed to present any persuasive evidence that the construction of the two lane segment of highway across defendant’s property was contemplated at the time of the taking for 1-20 but rather, the testimony of the employees of the Department of Highways shows conclusively that the present plans for the improvement of State Route 137 were developed long after the taking for 1-20.
We have reached the conclusion that the defendant had no way of knowing and cannot be held to have reasonably contemplated nor did the Department expect that State Route 137 would be rerouted, and that this property or area would be re *790 quired. The defendant is entitled to be compensated for the land taken at the enhanced value of the property.
The Department seriously complains of the award to defendant by the trial court. Such complaint we find without merit. We hold that the award of the trial court is fully supported by the evidence.
For the reasons assigned the judgment appealed from is affirmed. The costs of this appeal are assessed to appellant.
Affirmed.